UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | | |
|---|---|---|
| JACK MANN, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 16-152-HRW |
| | ) | |
| V. | ) | |
| | ) | |
| THOMAS B. SMITH, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **& ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner, Jack Mann, is a former inmate of the Federal Correctional Institution in Ashland, Kentucky ("FCI-Ashland"). Proceeding without an attorney, Mann filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking placement in a halfway house (specifically RRM Chicago) for up to nine months before his projected release date of January 8, 2018. [D.E. No. 1] Mann indicates that, before filing his petition, he made a request in writing and further discussed his grievance with case managers at FCI-Ashland, but indicates that he did not pursue further appeals to the BOP's regional office, or to the BOP's central office of inmate appeals. [D.E. Nos. 1, 1-1] Rather, Mann asks the Court to accept his prediction that such an appeal would have been futile. [D.E. No. 1-1]

The Court has conducted its initial review of Mann's habeas corpus petition pursuant to 28 U.S.C. § 2243, see *Alexander v. Northern Bureau of Prisons*, 419 F.

1

App'x 544, 545 (6th Cir. 2011), but concludes for several reasons that it must be denied because "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

First, prisoners must fully exhaust available administrative remedies prior to seeking habeas relief, *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006), something Mann readily acknowledges he did not do. [D.E. No. 1-1 at p. 1-2] Mann asks the Court to excuse that failure, contending that further appeals would be "futile" based upon his belief that the BOP would adhere to its prior conclusions. Mann also predicts that the appeals process would be so lengthy that he would be unable to obtain the relief that he seeks. But a court should waive the exhaustion requirement as futile only where there has been "a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider." *Colton v. Ashcroft*, 299 F. Supp. 2d 681, 689-90 (E.D. Ky. 2004) (*citing James v. United States Dept. of Health and Human Services*, 824 F.2d 1132, 1139 (D.C. Cir. 1987)). Mann offers only his beliefs, not evidence, in support of his arguments that the BOP would certainly not reach a different conclusion on appeal to the national office and that the appeal process would take too long to pursue, something that is insufficient

to establish adequate grounds to invoke the futility exception. *McKart v. United States*, 395 U.S. 185, 200 (1969); *Sommerville v. Dewalt*, No. 5:09-68-KKC, 2009 WL 1211158, at *3 (E.D. Ky. May 1, 2009).

Second, Mann's assertion that the BOP's placement decision is contrary to 18 U.S.C. § 3621(b) suggests, at most, a claim that its decision was "arbitrary and capricious" in violation of the Administrative Procedures Act, 5 U.S.C. § 706(2)(A)-(C). But the BOP's determinations regarding halfway house placement are expressly insulated from judicial review under the APA. 28 U.S.C. § 3625 ("The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter."). Cf. *Woodard v. Quintana*, No. 5:15-307-KKC, 2015 WL 7185478, at *5-6 (E.D. Ky. Nov. 13, 2015).

Finally, the BOP's online Inmate Locator Database indicates that Mann has already been released from prison and transferred to a halfway house in the Chicago, Illinois area, and that he will be released from that facility on January 6, 2018. See https://www.bop.gov/inmateloc/ (last visited on July 18, 2017). Mann has also filed a change of address in the record in this case indicating that he now resides in Chicago, Illinois. [D.E. No. 6] Mann's release from incarceration to a halfway house renders his claim seeking an earlier placement moot. *Miller v. Whitehead*, 527 F. 3d 752, 756 (8th Cir. 2008); *Zomber v. Stine*, No. 7: 07-402-DCR, 2008 WL

3

1735169, at *2 (E.D. Ky. Apr. 11, 2008) ("The Sixth Circuit has ruled that a prisoner's placement in a RRC during the pendency of a habeas corpus petition seeking earlier placement renders the petition moot, and also falls outside the exception to mootness for cases 'capable of repetition, yet evading review.'") (citing *Brock v. United States Dept. of Justice*, 2007 WL 4163854, at *2 n.3 (6th Cir. 2007)).

For each of the foregoing reasons, Mann's petition must be denied. Accordingly, it is hereby **ORDERED** as follows:

1. Petitioner Mann's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 28th day of July, 2017.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge